IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MANUFACTURERS | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| REED ELSEVIER INC. | )   Case No. 1:06CV00990 (HHK) ) |
| And | ) ) |
| REED ELSEVIER GROUP plc | ) ) |
| Defendant. | ) ) |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT REED ELSEVIER INC.

REED ELSEVIER INC. ("Defendant"), Defendant and Counterclaim-Plaintiff herein, responds to Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(a) as follows:

### FIRST DEFENSE

The Amended Complaint and each count thereof fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant responds to the separately-numbered paragraphs of the Complaint as follows:

### "NATURE OF THE CASE"

1.

The allegations of this paragraph are denied.

**"PARTIES"**

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore can neither admit nor deny said allegations.

3.

The allegations of this paragraph are denied.

**"JURISDICTION AND VENUE"**

4.

The allegations of this paragraph are denied.

5.

The allegations of this paragraph are denied.

**"FACTS"**

6.

The allegations of this paragraph are denied.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore can neither admit nor deny said allegations.

8.

Defendant states that Exhibit A to the Amended Complaint speaks for itself as to form, content and legal effect.  Except as specifically admitted herein, Defendant denies the allegations in paragraph 8 of the Amended Complaint.

LEGAL_US_E # 71149183.1

9.

The allegations of this paragraph are denied.

10.

The allegations of this paragraph are denied.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph, and therefore can neither admit nor deny said

allegations.

12.

The allegations of this paragraph are denied.

13.

The allegations of this paragraph are denied.

14.

The allegations of this paragraph are denied.

15.

The allegations of this paragraph are denied.

16.

The allegations of this paragraph are denied.

17.

The allegations of this paragraph are denied.

## **"COUNT I-ANTICIPATORY BREACH OF CONRACT"**

18.

Answering paragraph 18, Defendant repeats and realleges its responses to all preceding

LEGAL_US_E # 71149183.1

paragraphs of the Amended Complaint and adopts and incorporates the same as if fully set forth herein.

19.

The allegations of this paragraph are denied.

<strong>"COUNT II-BREACH OF CONTRACT"</strong>

20.

Answering paragraph 20, Defendant repeats and realleges its responses to all preceding paragraphs of the Amended Complaint and adopts and incorporates the same as if fully set forth herein.

21.

The allegations of this paragraph are denied.

<strong>ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF</strong>

Defendant denies that Plaintiff is entitled to any of the relief sought in its prayer for relief.

<strong>GENERAL DENIAL</strong>

Defendant denies all allegations, including characterizations, legal conclusions or statements not expressly admitted herein.

<strong>FURTHER DEFENSES TO ALL COUNTS OF THE COMPLAINT</strong>

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendant pleads the following defenses:

<strong>THIRD DEFENSE</strong>

Plaintiff's claims are barred, in whole or in part, in that there is no privity of contract between this Defendant and the Plaintiff which would impose any obligations on this Defendant for the claims asserted in the Complaint.

- 4 -

## FOURTH DEFENSE

The relief sought by the Plaintiff is unavailable because this Court lacks personal jurisdiction over Defendant, and because venue is improper as to Defendant.

## FIFTH DEFENSE

Plaintiff or its privies or predecessors-in-interest have failed to perform all conditions precedent to Defendant's alleged liability, in whole or in part, including but not limited to failing to adequately and properly give notice of obligations allegedly due, failing to properly and adequately notify the Defendant of its claims, failing first to pursue their exclusive remedy and failing to perform its obligations under the alleged agreements, if any are found to exist.

## SIXTH DEFENSE

The relief sought by the Plaintiff is unavailable under the terms of the agreements at issue herein, which, in part, have the effect of releasing this Defendant and barring Plaintiff's claims.

## SEVENTH DEFENSE

Plaintiff has waived and is barred and estopped from asserting its claims, in whole or in part, against this Defendant, among other things, because of its own actions or inactions or the actions or inactions of its officers, agents, attorneys, privies or predecessors in interest.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, because Defendant breached no duty owed to Plaintiff.

## TENTH DEFENSE

Plaintiff cannot recover against this Defendant based on certain of the alleged contracts because the terms of any alleged such contract are too vague and indefinite to be enforced, the

LEGAL_US_E # 71149183.1

parties reached no meeting of the minds as to the essential terms, and there was a mutual and/or unilateral mistake as to the meaning of those terms.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of failure of and lack of consideration.

## TWELFTH DEFENSE

The relief sought by the Plaintiff is unavailable to the extent that Defendant is entitled to set off or to recoup monies from the Plaintiff including but not limited to monies in excess of those sought by the Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff cannot recover on the allegations of the Complaint in part because of the defenses of payment, accord and satisfaction, and, by possible implication, license and release.

## FOURTEENTH DEFENSE

The relief sought by the Plaintiff is not available because the damages allegedly suffered by Plaintiff were not contemplated by the parties at the time of contracting.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of frustration of purpose, impracticality, by mutual mistake of the parties or the unilateral mistake of parties other than this Defendant compounded by the fraud and inequity of Plaintiff or his privies or predecessors-in-interest.

## SIXTEENTH DEFENSE

Plaintiff or his privies or predecessors-in-interest have by action or inaction effectively discharged the Defendant, thus discharging the Defendant from any liability.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of frustration of purpose,

- 6 -

impracticality, by mutual mistake of the parties or the unilateral mistake of parties other than this

Defendant compounded by the fraud and inequity of Plaintiff or his privies or predecessors-in-

interest.

## EIGHTEENTH DEFENSE

Plaintiff is not entitled to the relief sought in the Complaint because, to the extent that

Plaintiff is relying on non-written material to support its claims, Plaintiff is barred by the statute

of frauds, the parol evidence rule and the doctrine of merger and possibly the statute of

limitations.

WHEREFORE, having fully answered the allegations of the Amended Complaint, Reed

respectfully demands and prays that:

(a)     Judgment be entered in favor of Reed and against Plaintiff on all counts of the

Amended Complaint;

(b)     Plaintiff's Amended Complaint be dismissed with prejudice, with all costs of this

action and attorney's fees assessed against Plaintiff; and

(c)     This Court award to Reed such other and further relief as may be deemed

appropriate by this Court.

## COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, Reed Elsevier Inc. ("Reed") subject to the defenses

asserted above, and on a determination that Reed and NAM have a contract, asserts the following

Counterclaims in this action:

1.

NAM filed an Amended Complaint in this Court on June 12, 2006 and by so doing

submitted itself to the jurisdiction and venue of this Court for purposes of this Counterclaim.

- 7 -

2.

NAM entered into a Contract that created a joint venture with Reed regarding the marketing of National Manufacturing Week.

3.

Reed and NAM agreed to share the revenue received from sponsorships and exhibition opportunities derived from third party customers as a result of National Manufacturing Week.

4.

Reed entered into the joint venture with NAM in part to further Reed's goals of maintaining and nurturing the business relationships with existing Reed customers, and generating new business relationships as a result of being associated with National Manufacturing Week.

5.

The Contract required NAM to use its best efforts to support its venture with Reed and assist Reed in the promotion of National Manufacturing Week.

6.

The Contract required NAM to advise and support Reed in the planning, organization and promotion of National Manufacturing Week.

7.

The Contract also required NAM to recruit and secure two top name keynote speakers for National Manufacturing Week each year, in consultation with Reed.  These keynote speakers were to be invited by NAM no later than August 1 of each year with attendance confirmed no later than September 1 of each year.  Also, NAM was to promote these keynote speakers with no fewer than four emails referencing the keynote speakers to the entire NAM membership.  In

addition, the Contract required NAM to conduct a marketing campaign to promote its joint venture with Reed and publicize National Manufacturing Week to its membership via direct mail and email.

8.

The Contract further provided that should Reed announce its intention to sell National Manufacturing Week, NAM would have the right to terminate the Contract.

### *NAM's Dereliction of Duties and Self-Dealing*

9.

Beginning as soon as the Contract was executed and on an increasingly flagrant basis, NAM, despite repeated reprimands by Reed, willfully and materially failed to discharge its duties to Reed, engaging in activities that undermined the success of National Manufacturing Week.  Examples of NAM's improper activities include, but are not limited to:

(a) Failing its duty to deliver keynote speakers in the manner required by the Contract;

(b) Failing to promote National Manufacturing Week and to consult with Reed regarding its promotion;

(c) Failing to mail promotional materials in a timely fashion, which negatively affected attendance at National Manufacturing Week;

(d) Diluting the National Manufacturing Week brand with discount promotions.

10.

On March 3, 2005, NAM announced by e-mail that the NAM Town Hall Meeting (conducted at the same time as National Manufacturing Week) would be carried live on the Internet.  The e-mail provided a link to the webcast, which upon information and belief resulted

in lower attendance at National Manufacturing Week, and lost revenues in sponsorships and exhibition opportunities for the joint venture, and therefore damages to Reed.

11.

NAM improperly competed with Reed for customer dollars, by, *inter alia*:

(a) Selling sponsorships directly to important Reed customers for which Reed received no compensation;

(b) Allowing potential Reed exhibitors to exhibit in the NAM booth, which was reserved exclusively for NAM;

(c) Offering important Reed customers a NAM membership for the price of 10% of their prior year's booth cost, thus reducing the amount of money made by the joint venture on exhibition space at National Manufacturing Week.

12.

Reed announced its intention to sell National Manufacturing Week on May 10, 2006.

13.

As a result of NAM's dereliction of duties and self dealing, Reed has suffered damages in an amount to be proven at trial.

14.

All conditions precedent to Reed's right to recover from NAM have occurred.

## **FIRST COUNTERCLAIM**

### ***Breach of Contract***

15.

Reed repeats and realleges each of the allegations set forth above in this Counterclaim as if fully set forth herein.

- 10 -

16.

NAM's acts and omissions set forth above constitute breach of Contract, to Reed's damage.

17.

Reed is entitled to compensatory, special, consequential and incidental damages as a result of NAM's breaches.

## SECOND COUNTERCLAIM

### *Breach of the Covenant of Good Faith and Fair Dealing*

18.

Reed repeats and realleges each of the allegations set forth above in this Counterclaim as if fully set forth herein.

19.

NAM's acts and omissions set forth above constitute breach of the covenant of good faith and fair dealing.

20.

Reed is entitled to compensatory and incidental damages as a result of NAM's breach.

## THIRD COUNTERCLAIM

### *Breach of Fiduciary Duties*

21.

Reed repeats and realleges each of the allegations set forth above in this Counterclaim as if fully set forth herein.

22.

NAM's acts and omissions set forth above constitute breach of its fiduciary duties owed

- 11 -

to Reed.

23.

NAM breached its fiduciary duties to Reed, among other ways, by: (a) failing to provide Reed relevant and accurate information; (b) failing to act in the best interest of its joint venture with Reed; (c) elevating its own interests above those of the joint venture undertaken by NAM and Reed; (d) engaging in self-dealing and interested transactions; (e) improperly competing with Reed; (f) engaging in activities that conflict with the interests of the joint venture; and (g) diverting prospective economic advantage from the joint venture.

24.

As a direct and foreseeable consequence of these violations, Reed is entitled to compensatory, special, consequential, incidental, and punitive damages in an amount to be determined at trial.

## FOURTH COUNTERCLAIM

### *Tortious Interference With Business Relations*

25.

Reed repeats and realleges each of the allegations set forth above in this Counterclaim as if fully set forth herein.

26.

Since the beginning of its relationship with Reed, NAM has been aware of the important contracts, business relationships and prospective economic advantage between Reed and its customers who participate in National Manufacturing Week.

27.

NAM has intentionally interfered with Reed's customer relationships.

- 12 -

28.

Reed has suffered injury to its business relationships as a result of NAM's wrongful conduct.

29.

As a direct and foreseeable consequence of this violation, Reed is entitled to compensatory, special, consequential, incidental, and punitive damages in an amount to be determined at trial.

## FIFTH COUNTERCLAIM

### *Unjust Enrichment*

30.

Reed repeats and realleges each of the allegations set forth above in this Counterclaim as if fully set forth herein.

31.

NAM's self-dealing and interested transactions, competition with Reed for sponsorship funds, and other acts and omissions set forth above have unjustly enriched NAM at the expense of Reed.

32.

Reed is entitled to restitution, compensatory damages, and/or all profits and advantages gained by NAM from its misconduct.

- 13 -

## SIXTH COUNTERCLAIM

### *Declaratory Judgment under 28 U.S.C. §2201 that NAM's Exclusive Remedy Under the Contract is Termination of the Contract*

33.

Reed repeats and realleges each of the allegations set forth above in this Counterclaim as if fully set forth herein.

34.

Reed announced its intention to sell National Manufacturing Week on May 10, 2006.

35.

NAM filed its Amended Complaint based primarily on allegations that Reed's intention to sale National Manufacturing Week constitutes breach of the Contract.

36.

The Contract states  that "NAM shall have the right to terminate this Agreement immediately should [Reed] sell, or announce its intention to sell [National Manufacturing Week] or any of the shows within the Event."

37.

An actual and justifiable controversy exists as to whether the Contract clause quoted in paragraph 39 provides the exclusive remedy for NAM as a result of Reed's decision to sell National Manufacturing Week.

38.

Reed is entitled to a Declaratory Judgment under 28 U.S.C. § 2201 that the exclusive remedy provided to NAM under the Contract for Reed's decision to sell National Manufacturing Week is for NAM to terminate the Contract, and that NAM is entitled to no other remedy at law

- 14 -

or equity.

WHEREFORE, Reed respectfully demands and prays that:

(a)     Judgment be entered in favor of Reed and against NAM on all claims for relief in

the Counterclaims;

(b)     All costs of this action and attorney's fees be assessed against NAM;

(c)     The Court award restitution and/or compensatory, special, consequential,

incidental and punitive damages to Reed in an amount to be determined at trial;

(d)     The Court grant such other and further relief as may be deemed appropriate.


Dated: July 13, 2006                                    Respectfully submitted,


                                                        By:_____/s/_____
                                                        Scott M. Flicker, Esq. (D.C. Bar No. 425825)
                                                        PAUL, HASTINGS, JANOFSKY &
                                                        WALKER, LLP
                                                        875 15th Street N.W., Suite 1000
                                                        Washington D.C. 20005

                                                        Of Counsel:

                                                        J. Allen Maines (pro hac vice)
                                                        William K. Whitner (pro hac vice)
                                                        Michael D. Grider (pro hac vice)
                                                        600 Peachtree Street, N.E., Suite 2400
                                                        Atlanta, Georgia 30308-2222
                                                        Telephone:  (404) 815-2400

                                                        *Attorneys for Defendant/Counterclaim-
                                                        Plaintiff Reed Elsevier, Inc.*


- 15 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of July, 2006, a copy of the foregoing ANSWER

AND COUNTERCLAIMS OF DEFENDANT REED ELSEVIER INC., was served via ECF and

U.S. mail, first-class postage prepaid, to:

> Jack McKay
> PILLSBURY WINTHROP SHAW PITTMAN LLP
> 2300 N Street, NW
> Washington, DC  20037-1128
>
> Attorneys for National Association of Manufacturers

_____/s/_____
Scott M. Flicker, Esq.

- 16 -