IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MANUFACTURERS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REED ELSEVIER INC. )<br>)<br>And )<br>)<br>REED ELSEVIER GROUP plc )<br>)<br>Defendant. )<br>) | Case No. 1:06CV00990 (HHK) |

## ANSWER OF REED ELSEVIER GROUP PLC

REED ELSEVIER GROUP PLC ("Defendant"), responds to Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(a) as follows:

### FIRST DEFENSE

The Amended Complaint and each count thereof fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant responds to the separately-numbered paragraphs of the Complaint as follows:

### "NATURE OF THE CASE"

1.

The allegations of this paragraph are denied.

## **"PARTIES"**

2.

The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore can neither admit nor deny said allegations.

3.

The allegations of this paragraph are denied.

## **"JURISDICTION AND VENUE"**

4.

The allegations of this paragraph are denied.

5.

The allegations of this paragraph are denied.

## **"FACTS"**

6.

The allegations of this paragraph are denied.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore can neither admit nor deny said allegations.

8.

The allegations of this paragraph are denied.

9.

The allegations of this paragraph are denied.

10.

The allegations of this paragraph are denied.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore can neither admit nor deny said allegations.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore can neither admit nor deny said allegations.

13.

The allegations of this paragraph are denied.

14.

The allegations of this paragraph are denied.

15.

The allegations of this paragraph are denied.

16.

The allegations of this paragraph are denied.

17.

The allegations of this paragraph are denied.

**"COUNT I-ANTICIPATORY BREACH OF CONRACT"**

18.

Answering paragraph 18, Defendant repeats and realleges its responses to all preceding

paragraphs of the Amended Complaint and adopts and incorporates the same as if fully set forth herein.

19.

The allegations of this paragraph are denied.

### "COUNT II-BREACH OF CONTRACT"

20.

Answering paragraph 20, Defendant repeats and realleges its responses to all preceding paragraphs of the Amended Complaint and adopts and incorporates the same as if fully set forth herein.

21.

The allegations of this paragraph are denied.

### ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought in its prayer for relief.

### GENERAL DENIAL

Defendant denies all allegations, including characterizations, legal conclusions or statements set forth in paragraph headings, not expressly admitted herein.

### FURTHER DEFENSES TO ALL COUNTS OF THE COMPLAINT

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendant pleads the following defenses:

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, in that there is no privity of contract between this Defendant and the Plaintiff which would impose any obligations on this Defendant for the claims asserted in the Complaint.

## FOURTH DEFENSE

Plaintiff cannot recover on the allegations of the Complaint in part because of the defenses of payment, accord and satisfaction.

## FIFTH DEFENSE

Plaintiff has waived and is barred and estopped from asserting its claims, in whole or in part, against this Defendant because of its own actions or the actions of its agents, attorneys, privies or predecessors-in-interest.

## SIXTH DEFENSE

The relief sought by the Plaintiff is unavailable because this Court lacks personal jurisdiction over Defendant, and because venue is improper as to Defendant.

## SEVENTH DEFENSE

Plaintiff or its privies or predecessors-in-interest have failed to perform all conditions precedent to Defendant's alleged liability, in whole or in part, including but not limited to failing to adequately and properly give notice of obligations allegedly due, failing to properly and adequately notify the Defendant of its claims, failing first to pursue its exclusive remedy and failing to perform its obligations under the alleged agreements, if any are found to exist.

## EIGHTH DEFENSE

The relief sought by the Plaintiff is unavailable under the terms of the agreements at issue herein, which, in part, have the effect of releasing Defendant and barring Plaintiff's claims.

## NINTH DEFENSE

Plaintiff is not entitled to the relief sought in the Complaint because, to the extent that Plaintiff is relying on non-written material to support its claims, Plaintiff is barred by the statute of frauds, the parol evidence rule and the doctrine of merger and possibly the statute of limitations.

**TENTH DEFENSE**

Plaintiff's alleged claims are barred, in whole or in part, because Defendant breached no duty owed to Plaintiff.

**ELEVENTH DEFENSE**

Plaintiff cannot recover against Defendant based on certain of the alleged contracts because the terms of any alleged such contract are too vague and indefinite to be enforced, the parties reached no meeting of the minds as to the essential terms, and there was a mutual and/or unilateral mistake as to the meaning of those terms.

**TWELFTH DEFENSE**

Plaintiff's claims are barred by the doctrines of failure of and lack of consideration.

**THIRTEENTH DEFENSE**

The relief sought by the Plaintiff is unavailable to the extent that the Defendant is entitled to set off or to recoup monies from the Plaintiff including but not limited to monies in excess of those sought by the Plaintiff.

**FOURTEENTH DEFENSE**

The relief sought by the Plaintiff is not available because the damages allegedly suffered by Plaintiff were not contemplated by the parties at the time of contracting.

**FIFTEENTH DEFENSE**

Plaintiff or his privies or predecessors-in-interest have by action or inaction effectively discharged the Defendant, thus discharging the Defendant from any liability.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of frustration of purpose, impracticality, by mutual mistake of the parties or the unilateral mistake of parties other than this Defendant compounded by the fraud and inequity of Plaintiff or his privies or predecessors-in-

interest.

WHEREFORE, having fully answered the allegations of the Amended Complaint, Defendant respectfully demands and prays that:

    (a)    Judgment be entered in favor of Defendant and against Plaintiff on all counts of the Amended Complaint;

    (b)    Plaintiff's Amended Complaint be dismissed with prejudice, with all costs of this action and attorney's fees assessed against Plaintiff; and

    (c)    This Court award to Defendant such other and further relief as may be deemed appropriate by this Court.

Dated: July 13, 2006

Respectfully submitted,

By: _____/s/_____
Scott M. Flicker, Esq. (D.C. Bar No. 425825)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
875 15th Street N.W., Suite 1000
Washington D.C. 20005

Of Counsel:

J. Allen Maines (pro hac vice)
William K. Whitner (pro hac vice)
Michael D. Grider (pro hac vice)
600 Peachtree Street, N.E., Suite 2400
Atlanta, Georgia 30308-2222
Telephone: (404) 815-2400

*Attorneys for Defendant Reed Elsevier Group plc*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2006, a copy of the foregoing ANSWER OF REED ELSEVIER GROUP PLC, was served via ECF and U.S. mail, first-class postage prepaid, to:

> Jack McKay
> PILLSBURY WINTHROP SHAW PITTMAN LLP
> 2300 N Street, NW
> Washington, DC 20037-1128
>
> Attorneys for National Association of Manufacturers

                              /s/
                    Scott M. Flicker, Esq.