**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ASSOCIATION OF MANUFACTURERS, | ) |
| | ) |
| Complainant and Counter-Respondent, | ) |
| | ) |
| v. | ) |
| | ) |
| REED ELSEVIER INC. | )    Case No. 1:06CV00990(HHK) |
| | ) |
| Respondent and Counter-Complainant, | ) |
| | ) |
| and | ) |
| | ) |
| REED ELSEVIER GROUP plc, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)

Complainant and Counter-Respondent, National Association of Manufacturers ("NAM"),
and Respondent and Counter-Complainant, Reed Elsevier Inc. and Respondent Reed Elsevier
Group plc, (together, the "parties"), through their counsel, respectfully submit this Joint
Scheduling Conference Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure
and LCvR 16.3 of the Local Rules.

On July 24, 2006, the parties conferred by teleconference to consider the issues set forth
in Fed. R. Civ. P. 26(f) and LCvR 16.3 of the Local Rules.  As a result of that conference, and

subsequent communications among counsel, the parties set forth below their positions with respect to those issues.

1.    **Nature and Basis of Claims and Defenses**

The parties have considered the nature and the basis of their claims and defenses.

2.    **Joinder and Amendment of Pleadings**

The parties do not presently anticipate the appearance of parties not already identified in the pleadings.  The parties agree that any additional parties should be joined by September 1, 2006, and that amendments to pleadings must be made by that same date.

3.    **Reference to Magistrate Judge**

The parties agree that discovery disputes, to the extent that the parties are unable to resolve such disputes themselves, may be referred to a magistrate judge.  However, the parties do not agree to the assignment of a magistrate judge for decisions on dispositive motions or for trial.

4.    **Dispositive Motions**

One or all parties may file motions for summary judgment and/or motions for partial summary judgment at the conclusion of discovery.  The Parties propose a cutoff date for filing dispositive or partially dispositive motions of March 1, 2007.  Oppositions and cross-motions should be filed no later than March 22, 2007.  Replies should be filed no later than April 5, 2007. The parties propose July 1, 2007, or such date as set by the Court, as the date for decision on all summary judgment motions.

5.    **Discovery Plan**

 A.    **Initial Disclosures**

The parties have agreed that the Fed. R. Civ. P. 26(a)(1) disclosures will be completed by August 7, 2006.

 B.    **Scope and Completion of Discovery**

  (1)    NAM's Position

NAM will seek discovery on all matters raised in the Complaint and Answer. However, while NAM does not oppose Reed's suggestion of the 180 day schedule for discovery, it believes that discovery should be limited to performance under the current contract (executed in June 2004). NAM contends that discovery covering the more than 15 years of the parties' relationship (as proposed by Reed) is burdensome and will not lead to relevant evidence.

  (2)    Reed Elsevier Inc.'s Position

Reed Elsevier Inc. believes that this case involves complex claims regarding performance under a contractual relationship going back to 1991. Also, Reed Elsevier Inc. has asserted claims for tortious interference with third-party relationships and breach of the duty of loyalty involving third parties. Therefore, discovery in this case will cover a large amount of time and require discovery relating to numerous individuals and entities. As such, Reed Elsevier Inc. states that this is a complex case that should be assigned to "Track Three" of the Court's Case Tracking Schedules and that the parties should have 180 days to complete discovery, with discovery ending on February 3, 2007.

The parties do not believe that phased discovery is necessary in this case. All discovery shall be commenced in time to be completed by February 3, 2007.

### C.    Limitations on Discovery

The parties do not propose any changes to the discovery limitations set forth in the Federal Rules of Civil Procedure and the rules of this Court. The parties also propose that all discovery, both fact and expert discovery, be completed by February 3, 2007.

The parties believe that a mutually agreeable protective order will be needed to govern the production and use of confidential material in this case. The parties anticipate being able to stipulate to and jointly submit a proposed Protective Order for entry by the Court.

### D.    Expert Discovery

The parties do not believe that the requirements pursuant to the Federal Rules of Civil Procedure 26(a)(2) should be modified. The parties suggest that Proponent's Expert Reports should be submitted by or before December 15, 2006, and that Responsive Expert Reports should be submitted by or before January 10, 2007. The depositions of all experts should be completed by February 3, 2007.

### E.    Scheduled Action

Court Ordered Scheduling Conference – August 7, 2006

Rule 26(a)(1) Initial Disclosures – August 7, 2006

Last Day to Join Parties – September 1, 2006

Last Day to Amend Complaint – September 1, 2006

Proponent's Expert Reports Due – December 15, 2006

Responsive Expert Reports Due – January 10, 2007

Close of Discovery – February 3, 2007

Dispositive Motion Filing Deadline – March 1, 2007

Opposition Filing Deadline – March 22, 2007

Reply Filing Deadline – April 5, 2007

Pre-Trial Statement Deadline – July 15, 2007

Final Pre-Trial Conference – August 1, 2007

Trial Date – 30 to 60 days after Final Pre-Trial Conference

6.      **ADR**

The parties have discussed the possibility of ADR and agree that this case may benefit from simple mediation.  Although the parties agree that ADR may be beneficial, the parties do not believe that they would benefit from a neutral evaluation of the case or that discovery or pre-trial proceedings should be stayed pending the outcome of mediation.

7.      **Settlement**

The parties are willing to continue to discuss settlement, but can make no predictions regarding the likelihood of settlement at this time.

8.      **Jury Trial Estimate**

NAM estimates that it will require 2-3 days to present its case-in-chief.  NAM has demanded a jury trial.  The attorneys expected to try the case on behalf of NAM are Jack McKay and Tonya Gaskins-Saunders.

Reed Elsevier Inc. estimates that it will require 3-5 days to present its case-in-chief, including time required to present their counterclaims. The attorneys expected to try the case on behalf of Reed Elsevier Inc. are J. Allen Maines and Michael D. Grider.

The Parties estimate that the total time required for trial will be 5-7 days.

9.     **Class Action**

This case does not involve a class action.

10.    **Other Matters**

The Parties state that they are not aware of any other matters that are appropriate for inclusion in a scheduling order for this case.

Dated: July 27, 2006                              Respectfully submitted,


_____/s/_____
Jack McKay (DC Bar No. 159335)
Tonya G. Gaskins-Saunders (DC Bar No. 484414)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, NW
Washington, D.C. 20037-1128
(202) 663-8554
*Attorneys for Complainant/Counter-Respondent*
*National Association of Manufacturers*




_____/s/_____
Scott M. Flicker (D.C. Bar No. 425825)
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
875 15th Street, N.W., Suite 1000
Washington, D.C. 20005

Of Counsel:

J. Allen Maines (pro hac vice)
William K. Whitner (pro hac vice)
Michael D. Grider (pro hac vice)
600 Peachtree Street, N.E., Suite 2400
Atlanta, Georgia 30308-2222
Telephone:    (404) 815-2222

*Attorneys for Respondent/Counter-
Complainant Reed Elsevier Inc. and
for Respondent Reed Elsevier Group plc*