IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MANUFACTURERS,<br><br>   Complainant and<br>   Counter-Respondent,<br><br>v.<br><br>REED ELSEVIER INC.,<br><br>   Respondent and<br>   Counter-Complainant,<br><br>and<br><br>REED ELSEVIER GROUP plc,<br><br>   Respondent. | Case No. 1:06CV00990 (HHK) |

**NATIONAL ASSOCIATION OF MANUFACTURERS'
ANSWER TO REED ELSEVIER INC.'S COUNTERCLAIMS**

Complainant and Counter-Respondent, National Association of Manufacturers ("NAM"), responds herein to Respondent and Counter-Complainant Reed Elsevier Inc.'s Counterclaims (the "Counterclaims") as follows:

1. NAM admits that it filed an Amended Complaint on June 12, 2006. To the extent that the remainder of paragraph 1 contains legal conclusions, no response is required.

2. NAM denies the allegations contained in paragraph 2.

3. NAM denies the allegations contained in paragraph 3.

4. NAM denies the allegation that NAM and Reed were engaged in a joint venture. NAM lacks information sufficient to form a belief as to the truth of the additional allegations contained in paragraph 4.

5. NAM denies the allegations contained in paragraph 5.

6. NAM denies the allegations contained in paragraph 6.

7. NAM admits NAM and Reed executed a Terms & Conditions for Renewal in June of 2004 and states that the document speaks for itself, and denies any characterization inconsistent with the terms thereof.

8. NAM states that the contract speaks for itself and denies any characterization inconsistent with the terms thereof.

9. NAM denies the allegations contained in paragraph 9.

10. NAM denies the allegations contained in paragraph 10.

11. NAM denies the allegations contained in paragraph 11.

12. NAM admits the allegations contained in paragraph 12.

13. NAM denies that Reed has suffered any damages and demands strict proof thereof. The additional allegations contained in paragraph 13 are legal conclusions to which no response is required.

14. The allegations contained in paragraph 14 are legal conclusions to which no response is required.

15. NAM incorporates and realleges its responses to paragraphs 1-14 in response to paragraph 15.

16. The allegations contained in paragraph 16 are legal conclusions to which no response is required.

17. NAM denies that Reed has suffered any damages and demands strict proof thereof. The additional allegations contained in paragraph 17 are legal conclusions to which no response is required.

18. NAM incorporates and realleges its responses to paragraphs 1-17 in response to paragraph 18.

19. The allegations contained in paragraph 19 are legal conclusions to which no response is required.

20. NAM denies that Reed has suffered any damages and demands strict proof thereof. The additional allegations contained in paragraph 20 are legal conclusions to which no response is required.

21. NAM incorporates and realleges its responses to paragraphs 1-20 in response to paragraph 21.

22. The allegations contained in paragraph 22 are legal conclusions to which no response is required.

23. NAM denies the allegations contained in paragraph 23.

24. NAM denies that Reed has suffered any damages and demands strict proof thereof. NAM further denies the alleged violations. The additional allegations contained in paragraph 24 are legal conclusions to which no response is required.

25. NAM incorporates and realleges its responses to paragraphs 1-24 in response to paragraph 25.

26. NAM denies the allegations contained in paragraph 26.

27. NAM denies the allegations contained in paragraph 27.

28. NAM lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. NAM denies that Reed has suffered any damages and demands strict proof thereof. NAM further denies the alleged violations. The additional allegations contained in paragraph 29 are legal conclusions to which no response is required.

30. NAM incorporates and realleges its responses to paragraphs 1-29 in response to paragraph 30.

31. NAM denies that Reed has suffered any damages and demands strict proof thereof. NAM further denies the alleged improper competition. The allegations contained in paragraph 31 are legal conclusions to which no response is required.

32. NAM denies that Reed has suffered any damages and demands strict proof thereof. The allegations contained in paragraph 32 are legal conclusions to which no response is required.

33. NAM incorporates and realleges its responses to paragraphs 1-32 in response to paragraph 33.

34. NAM admits the allegations contain in paragraph 34.

35. NAM states that the document speaks for itself, and denies any inconsistent allegations.

36. NAM states that the document speaks for itself and denies any characterization inconsistent with the terms thereof.

37. The allegations contained in paragraph 37 are legal conclusions to which no response is required.

38. NAM denies that termination of the Contract was the exclusive remedy of NAM. The allegations contained in paragraph 38 are legal conclusions to which no response is required.

Any allegation not specifically admitted herein is denied and NAM specifically denies that Reed Elsevier Inc. is entitled to any relief against it.

## DEFENSES

1. The Counterclaims fail to state a claim upon which relief can be granted.

2. The Counterclaims are barred by the doctrine of unclean hands.

3. The Counterclaims are barred by the doctrine of estoppel.

4. The Counterclaims are barred by the doctrine of waiver.

5. NAM has not breached the Terms and Conditions for Contract Renewal between the parties or competed against Reed in violation of it.

6. The Counterclaims are barred by the doctrine of laches.

7. The Counterclaims are barred by the statute of frauds.

8. The Counterclaims are barred by the doctrine of release.

WHEREFORE, having fully answered the Counterclaims, NAM requests that they be dismissed and that NAM be awarded its fees and costs associated with defending this action.

Dated: August 7, 2006                            Respectfully submitted,

                                                 _____/s/_____
                                                 Jack McKay (DC Bar No. 159335)
                                                 Tonya G. Gaskins-Saunders (DC Bar No. 484414)
                                                 PILLSBURY WINTHROP SHAW PITTMAN LLP
                                                 2300 N Street, NW
                                                 Washington, D.C. 20037-1128
                                                 (202) 663-8554